STATE v. SIMEON COX.

(Filed 17 November, 1909.)

**Witness, Tender of—Cross-Examination—Evidence—Impeaching—Corroborative.**

Upon the tender of a witness by the defendant to the State, without examination by him, it is error to admit in evidence, upon cross examination, a letter prejudicial to defendant, which this witness testified he had written, either to impeach the witness, for he has not testified, or to corroborate the prosecuting witness, who, it appears, has not testified concerning the matters therein stated.

APPEAL from *Long, J.,* July Term, 1909, of RANDOLPH.

Indictment for incest. This case was before this Court at Spring Term, 1909, and is reported 150 N. C., 846. On that appeal of defendant a new trial was granted. The defendant was again convicted, and appealed to this Court.

*Attorney-General* and *G. L. Jones* for the State.
*Morehead & Sapp* and *C. L. Hollon* for defendant.

MANNING, J. The defendant has been twice tried and convicted of the crime of incest, perhaps the most detestable of all crimes. We feel again constrained to grant him a new trial. During the trial, and near the close of the evidence, the defendant tendered Pliny Cox to the State. The witness had been subpœnaed for and sworn on behalf of the defendant. The witness was a son of defendant and a brother of the prosecuting witness. The record shows: "Pliny Cox (tendered by defendant) is examined by the State. Letter of 23 June, 1909, marked 'Exhibit A,' is handed to witness, and he says that he wrote said letter; that no change in facts communicated in letter to Alta (the prosecuting witness). Letter is offered in evidence by the State. The defendant objects, for that it has no reference to any fact testified to by any witness; that it neither corroborates nor contradicts any testimony in the case; that its tendency is merely to impeach witness. The State offers the letter to corroborate the witness, Alta Smith, to the extent it may do so. For this purpose, and this only, the letter is admitted and the jury so instructed."

In his brief, the Attorney-General, with his usual candor, admits that he can find nothing in the letter, after a careful study of it, which corroborates the testimony of Alta Smith. In this opinion of the Attorney-General we concur. The letter could not be used to impeach the witness, Pliny Cox, because he had given in no testimony. In *Bracegirdle v. Bailey,* 1 F. & F.,

536, *Byles, J.,* said: "Inasmuch as he has proved nothing, you cannot cross-examine him to discredit him." In *Toole v. Nichol,* 43 Ala., 406 (419), the Court said: "The purpose of a cross-examination is to sift the testimony of a witness, and to try his integrity. When he has not been examined in chief, there can be no necessity for this." In *Ellmaker v. Buckley,* 16 S. & R., 72, the Court uses this strong language: "It would be palpably absurd when applied to a person who has given no evidence at all." The letter having been offered by the State and allowed, the defendant was necessarily compelled to attempt to break its force by an examination of the witness. In speaking of this letter, the Attorney-General says: "I would like to maintain that the introduction of this letter was, at any rate, harmless error, but I cannot say so. The letter was, in the main, an exegesis, bad as to law and worse as to scripture; but it is easy to see that it may have been deeply prejudicial to the defendant." The defendant had nothing to do with the writing or sending of this letter, and seems not to have known anything of it until it was presented at the trial. For the error pointed out, we think the defendant entitled to a

New trial.