L. L. MORRIS, ADMINISTRATOR OF LEROY MORRIS, C. P. MEDLIN AND MILDRED MEDLIN, BY HER NEXT FRIEND, C. P. MEDLIN, v. BEATY SERVICE COMPANY AND L. J. PREVATTE.

(Filed 14 December, 1938.)

**1. Evidence § 19—**

A person who has not testified may not be impeached by cross-examination.

**2. Evidence § 29: Automobiles § 18f—Conviction of criminal offense is irrelevant in civil action arising out of same transaction.**

Appealing defendant's exception to testimony of its driver on examination by plaintiffs that he had been convicted of manslaughter in a prosecution growing out of the collision for which damages are sought in the civil action, is sustained, the evidence being irrelevant and immaterial.

**3. Appeal and Error § 39d—Admission of evidence held prejudicial.**

Error in admitting evidence that defendant's driver had been convicted of manslaughter growing out of the same collision for which damages in the civil action are sought, cannot be held harmless, since the evidence constitutes a challenge to the jury that they ratify and affirm the action of the jury in the criminal prosecution.

**4. Appeal and Error § 41—**

When a new trial is awarded on certain exceptions, other exceptions relating to questions not likely to arise on the subsequent hearing need not be considered.

APPEAL by the corporate defendant from *Harding, J.,* at May Term, 1938, of UNION. New trial.

*Vann & Milliken for plaintiffs, appellees.*

*J. Laurence Jones, E. O. Ayscue, and H. L. Taylor for defendant, appellant.*

SCHENCK, J.   There were three actions instituted by the three above named plaintiffs, respectively, against the defendants.   The defendant L. J. Prevatte was never served with process in any of the actions. The three cases were, by consent, consolidated for the purpose of trial. From a judgment based on a verdict adverse to it, the corporate defendant appealed, assigning error.

The actions were to recover damages for the death of the intestate of one of the plaintiffs and for personal injuries to the other plaintiffs alleged to have been proximately caused by the negligence of the defendants.   The corporate defendant, while admitting that the death of LeRoy Morris and injuries to C. P. Medlin and Mildred Medlin were caused by a collision between a heavy motor tractor with trailer attached belonging to it and a Dodge automobile in which the said intestate and plaintiffs were riding, denies that said death and injuries were proximately caused by its negligence, and contends that the sole proximate cause of said collision was the negligence of its codefendant Prevatte.

The record divulges that near the close of the evidence the corporate defendant tendered to the plaintiffs for the purpose of cross-examination one Hanson Sadler, who was the driver of its motor tractor on the occasion of the alleged collision, but who had not up to the time he was tendered been examined as a witness.   Whereupon, over objections, exceptions and motions to strike duly made by the plaintiffs, the court allowed the following examination of Hanson Sadler:

"Q. You were convicted of manslaughter for killing LeRoy Morris in this accident, weren't you?   A. 'Yes, sir.'

"Q. How long did the judge sentence you to?   A. 'Sentenced me to two to four years.'

"Q. How long did you serve?

"Q. Mr. Taylor represented you, didn't he?   A. 'Yes, sir.' "

We are constrained to sustain the exceptions reserved to this evidence, which constituted all of the testimony of Hanson Sadler.   Hanson Sadler had not been before examined as a witness and therefore it was not competent to impeach him.   *S. v. Cox,* 151 N. C., 698.

In the *Cox case, supra,* the defendant tendered to the State one Pliny Cox, son of the defendant, who had been subpoenaed and sworn on behalf of the defendant.   Whereupon the State identified a letter by the tendered witness, and *Manning, J.,* for the Court, in an opinion awarding the defendant a new trial, says: "The letter could not be used to impeach the witness, Pliny Cox, because he had given in no testimony.   In *Bracegirdle v. Bailey,* 1 F. & F., 536, *Byles, J.,* said: 'Inasmuch as he has proved nothing, you cannot cross-examine him to discredit him.' In *Toole v. Nichol,* 43 Ala., 406 (419), the Court said: 'The purpose of cross-examination is to sift the testimony of a witness, and to try his

integrity. When he has not been examined in chief, there can be no necessity for this.' In *Ellmaker v. Buckley,* 16 S. & R., 72, the Court uses this strong language: 'It would be palpably absurd when applied to a person who has given no evidence at all.' "

The evidence complained of was clearly irrelevant and immaterial to the issues which the jury were trying.

It cannot be maintained that the admission of the testimony of Hanson Sadler was harmless error, as it strongly presented to the jury sitting in the trial of the case the fact that the driver of the defendant's motor tractor had been tried and convicted of a criminal charge growing out of the collision that they were then investigating, and constituted a challenge that they ratify and affirm the action of the other jury.

Since we hold that there must be a new trial for the error assigned, it becomes supererogatory for us to discuss the other exceptions in the record, as the questions arising therefrom are not apt to arise again.

New trial.